IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSEY CLEMENT, EMERALD CLEMENT,
ANDERSON CLEMENT, ANSELM LEE CLEMENT
AND LISA BEGAY

      Plaintiffs,

vs.                                        No. CIV-05-0590 JB/RLP

MOUNTAIN STATES LOGISTICS, ELISHA GILBOA
Individually and d/b/a Mountain States Logistics, CHRIS HOBECK,
Individually and d/b/a Mountain States Logistics,
ALFRED TRUJILLO, Individually and d/b/a Mountain Logisitics,
ERIC CHAVEZ, LAZARO HERNANDEZ, and NICA, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Michele Masiowski for Robert Hilgendorf's Letter to the Honorable J. Browning ("Letter to Judge Browning")(dated December 1, 2005). The issue is whether the Court should order Defendant NICA, Inc. to supplement its initial disclosures. Because NICA's initial disclosures do not comply with rule 26 of the Federal Rules of Civil Procedure, the Court will require NICA to supplement its initial disclosures within ten days of the date of this order.

## PROCEDURAL BACKGROUND

During the scheduling conference that the Court held on November 18, 2005, the Plaintiffs and Defendant NICA exchanged initial disclosures. See Letter to Judge Browning at 1. NICA has not provided: (i) the name and address of each individual likely to have discoverable information; and (ii) a copy of or description of each document that it may use to support its claims. See Letter from

Michele Masiowski to Michele Estrada ("Letter to Michele Estrada") at 1 (dated November 23, 2005). Moreover, NICA did not reference the Initial Pre-Trial Report. See id. NICA also did not indicate if there are any insurance policies it needs to disclose and/or produce under rule 26(a)(1)(D). See id.

The documents that NICA provided are not for Defendant Lazaro Hernandez. See id. They are for a different individual. See id. The name and social security number do not match the information Hernandez provided in his statement. See id.

Upon review of NICA's initial disclosures, the Plaintiffs' counsel was concerned that the initial disclosures did not comply with the federal rules and were not adequate in light of the agreement for an early settlement conference. See Letter to Judge Browning at 1. The Plaintiffs therefore requested from NICA that it supplement its initial disclosures and provided NICA's counsel with a letter dated November 22, 2005. See Letter to Michele Estrada at 1. The November 22, 2005 letter identified documents that the Plaintiffs knew existed. See Letter to Judge Browning at 1. The Plaintiffs stated that Ms. Estrada needed to inform her client that, if good faith efforts were not quickly made, they would bring this issue to the Court's attention. See Letter to Michele Estrada at 1. The Plaintiffs requested NICA to supplement no later than December 1, 2005. See id. at 2.

NICA supplemented the disclosures. See Letter to Judge Browning at 1. The Plaintiffs represent that NICA's initial disclosures still do not provide any relevant information. See id. They also do not provide a date by which NICA will provide the documents. See id.

The Plaintiffs request that the Court address this matter in a conference call with the parties during the week of December 4, 2005. The Plaintiffs state that they can arrange the conference call. See id.

## ANALYSIS

The Court has reviewed NICA's initial disclosures.  Rule 26 is specific regarding what NICA must provide at this stage of proceedings.  NICA's initial disclosures are not adequate, nor do they meet the federal rules' requirements.

The November 22 letter identifies documents that NICA should have provided to the Plaintiffs.  It may be that NICA's good faith effort will produce more information.  At the present time, it is sufficient to state that NICA has not made a good faith effort, as the rules require, to provide the required disclosures.

NICA will revise and supplement its initial disclosures.  At a minimum, NICA's initial disclosures should include: (i) the contract with Mountain States; (ii) all documents related to the NOH deductions; (iii) all documents related to Hernandez; (iv) all documents related to the business relationship with Mountain States and Gilboa; (v) all documents related to the "trust" – where the NOH payments go; and (vi) policies which insure NICA, Mountain States, and/or Hernandez, including but not limited to those purchased by the NOH deduction.[1]

**IT IS ORDERED** that Defendant NICA, Inc. will supplement its initial disclosures within ten days of the date of this order.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Michele Estrada, counsel for NICA, informed the Courtroom Deputy Clerk on December 12, 2005 that NICA would not be filing anything in response to the letter to Judge Browning.

*Counsel:*

Robert Hilgendorf
Santa Fe, New Mexico

– and --

Michele Masiowski
Sierra Garrity & Masiowski LLC
Santa Fe, New Mexico

  *Attorneys for the Plaintiffs*

John S. Stiff
John S. Stiff & Associates, LLC
Albuquerque, New Mexico

  *Attorney for Defendants Mountain States*
   *Logistics, Gilboa, Hobeck, Trujillo, and Chavez*

Terry Guebert
Jason Alcaraz
Guebert, Bruckner & Bootes PC
Albuquerque, New Mexico

  *Attorneys for Defendant Hernandez*

Michelle Estrada
Estrada & Krehbiel, P.C.
Albuquerque, New Mexico

-- and --

Thomas McGrath
Braintree Massachusetts

  *Attorneys for Defendant NICA, Inc.*