IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 28 2006

MATTHEW J. DYKMAN
CLERK

LINDSEY CLEMENT, EMERALD CLEMENT,
ANDERSON CLEMENT, ANSELM LEE CLEMENT,
AND LISA BEGAY,

    Plaintiffs,

vs.                                                                                                 No. CIV 05-0590 JB/RLP

MOUNTAIN STATES LOGISTICS, ELISHA GILBOA
Individually and d/b/a Mountain States Logistics, CHRIS HOBECK,
Individually and d/b/a Mountain States Logistics,
ALFRED TRUJILLO, Individually and d/b/a Mountain Logistics,
ERIC CHAVEZ, LAZARO HERNANDEZ, and NICA, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant NICA, Inc.'s Motion for Extension of Time to File Answers to Discovery, filed January 12, 2006 (Doc. 48). The primary issue is whether the Court should allow an extension of time to respond to discovery that the Plaintiffs contend is necessary for a settlement conference scheduled for January 19, 2006. Because NICA has shown good grounds for a two-week extension, the Court will grant NICA's motion.

### PROCEDURAL BACKGROUND

NICA represents that it produced documents relevant to settlement issues as part of its Initial Disclosures. See Motion for Extension of Time to File Answers to Discovery ("Motion for Extension of Time") ¶ 5, at 2. The Plaintiffs represent that, because they had not been able to obtain information from NICA that they contend NICA should have provided in the Initial Disclosures, see Plaintiffs' Motion to Enforce Order and for Sanctions, filed January 17, 2006 (Doc. 51), the

Plaintiffs served NICA with discovery on December 16, 2005. See Plaintiffs' Response to Defendant NICA's Motion for Extension of Time to File Answers to Discovery ("Response") ¶¶ 2-3, at 1, filed January 18, 2006 (Doc. 52). Specifically, the Plaintiffs served NICA their First Interrogatories and First Request for Production. See Motion for Extension of Time ¶ 1, at 1.

The Honorable Richard L. Puglisi, United States Magistrate, ordered NICA and the other parties to participate in mediation scheduled to take place on January 19, 2006. See Motion for Extension of Time ¶ 5, at 2; Order Setting Settlement Conference at 1-3. NICA's responses to the written discovery were due on January 17, 2006, and, if the parties kept to that schedule, the Plaintiffs would receive responses two days before the settlement conference. See Motion for Extension of Time ¶ 2, at 1; Response ¶ 3, at 1-2.

Plaintiffs assert that, by copy of a letter to Judge Puglisi dated January 3, 2006, the Plaintiffs made NICA and all other Defendants aware that the Plaintiffs considered these discovery responses to be vital to the settlement discussions, and requested that defense counsel file their motions regarding discovery in sufficient time for the Court to decide the matter before the conference. See Response ¶ 4, at 2. On January 12, 2006, NICA filed this motion, moving for an extension to the deadline for responses to Plaintiff's First Interrogatories and Requests for Production. See Motion for Extension of Time at 1. NICA did not provide any answers or documents. See Motion for Extension of Time. NICA did not cite any case law in support of this request. See id.

The Plaintiffs do not concur in this motion, ask the Court to deny the motion, and argue that the Court should sanction NICA. See Response at 1, 3.

## ANALYSIS

The troubling aspect of NICA's motion is that it presents two rationales for its motion. One

rationale is sufficient justification for the extension. The other ground is not.

NICA contends that the Plaintiffs' Interrogatories are complex and compound, and require research into archived files for the information that the Plaintiffs request. See, e.g., Interrogatory Nos. 3, 12, 13, 15, 16; Request for Production Nos. 4, 5, 9, 11, 12, 17, 18, 22; Motion for Extension of Time ¶ 3, at 1. NICA represents that it needs additional time to "compile and collate" the information requested and that it will not be able to have responses ready by January 17, 2006. Id. ¶ 4, at 2. The Court has reviewed the discovery. If these are the true reasons that NICA seeks its extension, these are sufficient justification for NICA's failure to respond to all requests, especially given that some of the response time occurred over a holiday period. The Court will not sanction NICA.

NICA also represents, however, that it is planning on attending the mediation in good faith. See Motion for Extension of Time ¶ 5, at 2. NICA also believes, and attempts to justify its motion and failure to respond to discovery by stating, that issues may be resolved at the mediation and requests that the Court allow it to reserve its funds and personnel resources for the settlement rather than compiling the information that it does not believe is relevant to the settlement issues. See id. This rationale is not a good ground for seeking the extension.

NICA should not shift to itself the unilateral right to determine which documents might be relevant and which might not be relevant, or the timing of disclosures. NICA does not cite a rule that justifies failure to disclose documents otherwise discoverable on that basis, and no such rule gives one party the right to make such determinations. NICA's failure to disclose is particularly troubling in light of the fact that Judge Puglisi set a settlement conference for January 19, 2006 that required multiple parties to travel from out of state, and the conference failed. See Notice of Failure of

Settlement Conference, filed January 20, 2006 (Doc. 53).

Additionally, by filing its motion on January 12, 2006, NICA did not comply with the reasonable request of the Plaintiffs' counsel that NICA file any discovery motions well enough in advance of the settlement conference so as to allow for the Court's consideration of such matters before the conference. As a result of NICA's timing of the motion, NICA effectively got what it wanted. The parties should agree on such matters, or the Court should have sufficient opportunity to decide any disputes.

The Plaintiffs contend that their discovery seeks information that NICA should have provided pursuant to rule 26. The Plaintiffs assert that NICA should have been searching these archived records for the past five months since the Complaint was filed. The Plaintiffs argue that searching is not justification for failure to provide any response, even partial, to discovery, especially when the Plaintiffs made apparent to NICA the importance of having information before the settlement conference. All this may be true, but a motion for extension of time is not the appropriate stage for the Court to make such detailed determinations. Those issues must await further motions, if any are necessary.

**IT IS ORDERED** that Defendant NICA's Motion for Extension of Time to File Answers to Discovery is granted and NICA is granted an extension until and including January 31, 2006 to serve its responses to the Plaintiffs' written discovery requests. The Plaintiffs' request to sanction NICA for its failure to timely respond is denied.

_____
UNITED STATES DISTRICT JUDGE

-4-

*Counsel:*

Robert N. Hilgendorf
Santa Fe, New Mexico

    *Attorney for the Plaintiffs*

Michele Estrada
Estrada & Krihbiel, P.C.
Albuquerque, New Mexico

-- and --

Thomas McGrath
Braintree, Massachusetts

    *Attorneys for Defendant NICA, Inc.*

Terry R. Guebert
Jason Alcaraz
Guebert, Bruckner & Bootes, PC
Albuquerque, New Mexico

    *Attorneys for Defendant Lazaro Hernandez*

John S. Stiff
John S. Stiff & Associates, LLC
Albuquerque, New Mexico

    *Attorneys for Defendants Mountain States Logistics,
    Elisha Gilboa, Chris Hobeck, Alfred Trujillo, Eric Chavez.*

Rudolph A. Lucero
Miller Stratvert PA,
Albuquerque, New Mexico

    *Attorneys for the Defendant State Farm Fire & Casualty Company*