# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LINDSEY CLEMENT, EMERALD CLEMENT,
ANDERSON CLEMENT, ANSELM LEE
CLEMENT, AND LISA BEGAY

        Plaintiffs,

vs.                                                                    No. CIV-05-0590 JB/RLP

MOUNTAIN STATES LOGISTICS, ELISHA
GILBOA, Individually and d/b/a Mountain States
Logistics, CHRIS HOBECK, Individually and d/b/a
Mountain States Logistics, ALFRED TRUJILLO,
Individually and d/b/a Mountain States Logistics,
ERIC CHAVEZ, and LAZARO HERNANDEZ,
and NICA, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on State Farm Fire & Casualty Company's Motion to Intervene, filed February 16, 2006 (Doc. 65). The primary issue is whether the Court should allow State Farm to intervene at this time, when settlement talks are apparently taking place. Because State Farm has shown that its intervention satisfies rule 24 of the Federal Rules of Civil Procedure, the Court will grant State Farm's Motion to Intervene.

## FACTUAL BACKGROUND

At the time of the accident that gave rise to the First Amended Complaint, State Farm insured Lazaro Hernandez under Policy #0217344.

## PROCEDURAL BACKGROUND

The Plaintiffs have sued the Defendants for personal injury, wrongful death, and intentional tort. See First Amended Complaint for Damages for Personal Injury, Wrongful Death and Intentional

Tort, filed June 29, 3005 (Doc. 2).  In their First Amended Complaint, the Plaintiffs have alleged that Defendants Mountain States Logistics ("MLS"), Elisha Gilboa, Chris Obek (misnamed Hobeck in the Complaint), Alfred Trujillo, and Eric Chavez (the "Mountain States Defendants") employed Defendant Lazaro Hernandez and have liability under the doctrine of respondeat superior.  See id. at 7-10.  State Farm represents that, on the basis that the First Amended Complaint alleges that the Mountain States Defendants were Hernandez' employers, MLS, Gilboa, Obek, Trujillo, and Chavez have asserted that they qualify as additional insureds under the State Farm policy and have demanded that State Farm provide a defense and indemnification.  See Motion to Intervene ¶ 4, at 2.

Based upon the allegations of the First Amended Complaint and the Mountain States Defendants' demands, State Farm is defending these Defendants under a reservation of rights.  See id. ¶ 5, at 2.  It is State Farm's position that some or all of these Defendants do not qualify as additional insureds under the State Farm policy because they were not Hernandez' employer at the time of the accident.  See id. ¶ 6, at 2.

The Mountain States Defendants represent that the parties in the case are in the process of discovery and mediation with the Honorable Richard L. Puglisi, United States Magistrate Judge.  See Defendants Mountain States Logistics, Elisha Gilboa, Alfred Trujillo, Chris Obek, and Eric Chavez's Response to State Farm's Motion to Intervene ("Response") ¶ 3, at 2, filed March 6, 2006 (Doc. 76).

State Farm moves the Court for entry of an order permitting State Farm to file its Complaint in Intervention, a copy of which it attaches to its motion.  See Motion to Intervene at 1.  State Farm contacted counsel for all parties, and the motion is opposed.  See id. ¶ 9, at 3.  The Mountain State Defendants oppose State Farm's motion.  See Response ¶ 1, at 1.  Neither the Plaintiffs nor the other Defendants have responded, and the Court will therefore presume that they do not oppose State Farm's motion.

## LAW REGARDING INTERVENTION

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as a matter of right

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

New Mexico courts have expressed the preference that coverage issues should be resolved in the underlying action -- as opposed to a separate declaratory judgment action -- "because it prevents multiple suits and avoids the expense to insured of defending a collateral action brought by the insurer for a declaration of the insurer's obligation to defend under the policy."  Foundation Reserve v. Mullenix, 97 N.M. 618, 620, 642 P.2d 604, 606 (1982).

## LAW REGARDING 28 U.S.C. § 1367

28 U.S.C. § 1367 provides in relevant part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims made by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by person proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(a)-(b).

## ANALYSIS

The purpose of State Farm's intervention would be to protect its interests regarding whether the Mountain States Defendants were Hernandez' employer and to develop the issue of independent contractor versus employee status. See Motion to Intervene ¶¶ 6-8, at 2. The Mountain State Defendants argue that the motion to intervene is premature. See Response at ¶ 1, at 1. The Mountain State Defendants contend that these are fact intensive issues and allowing State Farm's intervention will not speed along that process. See id. ¶ 2, at 2. The Mountain States Defendants assert that State Farm's intervention before alternative dispute resolution is completed could significantly complicate mediation and possibly other aspects of the case. See id. ¶ 4, at 2. The Mountain States Defendants provide no factual support or any citation to authority.

The opposition of the Mountain States Defendants is not surprising. These are the Defendants that State Farm is required to defend based upon alternative allegations in the Complaint that each of these persons or entities was Hernandez' employer. In their response, these Defendants do not cite any authority demonstrating why State Farm's intervention would not be proper, nor do they provide any evidence to that effect.

It is always difficult for the trial court to determine what will speed along the settlement process. That uncertainty is probably a good reason for the trial court not to give that factor considerable weight when one party raises it in a disputed matter. The integrity of the trial court's decisions are usually best preserved by making its decisions independent of considerations of what would best promote settlement.

In any case, it is far from certain that State Farm's intervention will slow resolution of the case. Each of the Mountain States Defendants is currently receiving a free defense from State Farm and, therefore, do not have as great an interest as State Farm in resolving the issue before a trial on

the merits.  State Farm, on the other hand, does have an interest in seeking early resolution of that issue.  Thus, State Farm should have every incentive to speed along that process.

State Farm has an interest in the accident that is the subject in this action.  The disposition of this action will, as a practical matter, impair State Farm's ability to protect that interest.  If the Court does not permit State Farm to intervene in this action, its only realistic alternative will be to file a separate declaratory action to resolve an issue that is already before the Court -- whether MLS, Gilboa, Obek, Trujillo, and/or Chavez were Hernandez' employer.  Resolution of this coverage question by State Farm's intervention would best promote judicial economy, as well as preserve the resources of the parties involved.

In reality, although an additional  party often complicates other aspects of the case if, for no other reason, there is another lawyer to take into account when scheduling or doing anything, State Farm's intervention is not likely to complicate mediation.  As Hernandez' insurer, and the possible insurer of MSL, Gilboa, Obek, Trujillo, and Chavez, State Farm is probably already obligated to participate in any mediation.  State Farm represents that it has already participated in mediation.  See Reply in Support of State Farm's Motion to Intervene at 3, filed March 15, 2006 (Doc. 85).

The Mountain States Defendants have not shown good cause why the Court should not permit State Farm to intervene.  In contrast, State Farm claims an interest in the issues to be litigated that are already before the Court, and no party adequately protects its interests.  Permitting intervention, as opposed to requiring a separate lawsuit, would promote the public policies of conserving judicial resources and preventing inconsistent findings and judgments.

The Court has supplemental jurisdiction over State Farm's Complaint in Intervention and has jurisdiction pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1332 in that complete diversity of citizenship exists between State Farm, the Plaintiff in intervention, and the Mountain States

Defendants, the Defendants in Intervention.  And the amount in controversy exceeds the jurisdictional minimum as set forth in 28 U.S.C. § 1332.

Accordingly, the Court will grant State Farm's motion.  Intervention is proper under rule 24(a), as State Farm has an interest in the transaction that is the subject of this action, and disposition of such action  may as a practical matter impair or impede its ability to protect that interest, which the existing parties do not adequately represent.  Intervention is also proper pursuant to rule 24(b), as State Farm's and the underlying action have common questions of law and fact, i.e., whether MSL, Gilboa, Obek, Trujillo, and/or Chavez employed Hernandez at the time of the accident.

IT IS ORDERED that the Motion to Intervene is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Robert N. Hilgendorf
Santa Fe, New Mexico

      *Attorney for the Plaintiffs*

John S. Stiff
John S. Stiff & Associates, L.L.C.
Albuquerque, New Mexico

      *Attorneys for Defendants Mountain States Logistics,*
      *Elisha Gilboa, Chris Obek, Alfred Trujillo, and Eric Chavez.*

Jason Alcaraz
Terry R. Guebert
Guebert, Bruckner & Bootes, P.C.
Albuquerque, New Mexico

      *Attorneys for Defendant Lazaro Hernandez*

Michele Estrada
Estrada & Krehbiel, P.C.
Albuquerque, New Mexico

-- and --

Thomas McGrath
Braintree, Massachusetts

      *Attorneys for Defendant NICA, Inc.*

Rudolph A. Lucero
Miller Stratvert P.A.,
Albuquerque, New Mexico

      *Attorneys for Intervener State Farm Fire & Casualty Company*