IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSEY CLEMENT, EMERALD CLEMENT,
ANDERSON CLEMENT, ANSELM LEE
CLEMENT, AND LISA BEGAY

      Plaintiffs,

vs.                                                                                                                          No. CIV 05-0590 JB/RLP

MOUNTAIN STATES LOGISTICS, ELISHA
GILBOA, Individually and d/b/a Mountain States
Logistics, CHRIS HOBECK, Individually and d/b/a
Mountain States Logistics, ALFRED TRUJILLO,
Individually and d/b/a Mountain Logistics,
ERIC CHAVEZ, LAZARO HERNANDEZ,
and NICA, INC.,

      Defendants.

STATE FARM FIRE & CASUALTY COMPANY,

      Plaintiff in Intervention,

v.

MOUNTAIN STATES LOGISTICS, ELISHA GILBOA,
CHRIS HOBEK, ALFRED TRUJILLO, and
ERIC CHAVEZ,

      Defendants in Intervention.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Compel Defendant NICA to Fully Respond to Discovery Requests, filed February 21, 2006 (Doc. 71). The Court held a hearing on this motion on March 29, 2006. The primary issue is whether the Court should compel NICA Inc. ("NICA") to more fully respond to Interrogatory Nos. 2, 3, 7, 9, 10, 11, 13, 14, and 15,

and Request for Production Nos. 5, 7, 9, 15, 16, 17, 18, and 21.

Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will grant the motion in part and compel NICA to: (i) more fully respond and amend its answer to Interrogatory No. 3 and in conjunction with that response, produce all documents responsive to Request for Production Nos. 9 and 17. NICA will produce all relevant documents from January 1, 2004, that address all drivers of Gilboa companies in New Mexico; (ii) more fully respond and amend its answer to Interrogatory No. 2 -- if NICA does not have any information concerning how the bank accounts were audited, it will state such in its amended answer to Interrogatory No. 2; if NICA has any information concerning the bank accounts' audits, then NICA will amend its answer to Interrogatory No. 2 to include such information; (iii) more fully respond and amend its answer to Interrogatory No. 7 to address any communication that NICA has had with non-parties, including persons within the corporation if applicable, concerning this litigation -- NICA's answer is only responsive as to parties; (iv) more fully respond and amend its answer to Interrogatory No. 9. NICA can do one of two things: It can either explain in more detail what its range of handling fees is between NICA and Mountain States, or it can provide the specific information as to Hernandez and the particular transaction involving MSL; (v) more fully respond and amend its answer to Interrogatory No. 10 to include information concerning the normal process of how an individual is notified of membership in NICA, and will state that there were no documents notifying Hernandez of his membership in NICA, if such is the case; (iv) more fully respond and amend its answer to Interrogatory No. 11 by April 15, 2006; (vii); more fully respond and amend its answer to Interrogatory No. 14 to provide information whether NICA knows of any other company that has a policy which would have been purchased with the NOH funds; (viii) more fully respond and

-2-

amend its answer to Request for Production No. 5.[1] NICA will produce the requested financial information for the year 2004.[2] NICA will also produce any portion of tax returns from 2000-present that relate to NOH funds that were deposited or declared on as income; and (ix) more fully respond and amend its answer to Request for Production No. 18 to state that the only document that is distributed or disseminated to contractors is the IRS pamphlet that has been produced, if such is the case.

Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny the motion in part and will not compel NICA to more fully respond to: (i) Request for Production No. 7; (ii) Interrogatory No. 13; (iii) Interrogatory No. 15; (iv) Request for Production No. 15; (v) Request for Production No. 16; and (vi) Request for Production No. 21.

## PROCEDURAL BACKGROUND

The Plaintiffs moves the Court to compel NICA to fully and completely respond to the discovery requested. See Plaintiffs' Motion to Compel Defendant NICA to Fully Respond to Discovery Requests at 1. The following are the disputed discovery requests and answers:

> **Interrogatory No. 3**: For 2003-2005, identify the NICA members that worked for companies in which Elisha Gilboa is a director or officer and identify each and every such member, including name, address, and last known phone number, and state whether each such identified signed the document titled Independent Contractor Agreement produced by you in your first Initial Disclosures.

---

[1] The Court will more fully explain its order that NICA, Inc. more fully respond and amend its answer to Request for Production No. 5 in a memorandum opinion and order addressing Defendant NICA, Inc.'s Motion for Protective Order, filed February 17, 2006 (Doc. 67).

[2] Although the Plaintiffs requested the relevant financial information for the years 2000 to the present, they clarified at the hearing on this motion that they were only seeking the information for the year 2004. See Transcript of Hearing at 8:18-9:4 (taken March 29, 2004).

> **Answer**:  NICA, Inc. objects to the production of this information.  The information requested includes private personal identification of third parties not involved in this litigation and proprietary information from MSL.  The information will be released upon receipt of valid executed releases from MSL and the members.  MSL would be in the best position to release this information and gather the necessary releases as these ICs are no longer members or associated with NICA, Inc.

NICA Inc.'s Answers to Plaintiff's First Interrogatories at 3.

> **Request for Production No. 9:**  Produce a list of every NICA member who is an independent contractor for a company in which E. Gilboa, is an officer and/or director, including but not limited to all Mountain States, Consolidated Routing Inc., CR-Albuquerque, and CR Southwest Inc.
>
> **Answer:**  Objection, this request is for personal, private and proprietary information about third parties not involved in this litigation.  This defendant will produce the requested information upon receipt of releases from MSL, and the IC's.  MSL is the proper source for these releases as these ICs are no longer serviced by NICA, Inc.

Defendant NICA, Inc's Responses to Plaintiffs' First Request for Production at 4.

> **Request for Production No. 17 [sic].**  Copies of all NICA contracts with Mountain States, and/or Consolidated Routing and/or CR-Albuquerque, and all contracts or Agreements with Independent Contractors based in Albuquerque who performed services for Mountain States (hereinafter referring to Mountain States, Mountain States Logistics, Inc., or Consolidated Routing, or Consolidated Routing, Inc. or CR-Albuquerque) in force during April 2004.
>
> **Answer:**  There was no written contract between NICA, Inc. and MSL and/or any of its subsidiaries or derivative companies.
>
> Objection, this request for agreements with ICs is for personal, private and proprietary information about third parties not involved in this litigation.  This defendant will produce the requested information upon receipt of releases from MSL, and the IC's.  MSL is the proper source for these releases as these ICs are no longer serviced by NICA, Inc.

Id. at 6-7.

> **Interrogatory No. 2**:  Identify and explain the NOH deduction, including but not limited to, how the members are advised of the deduction, where the monies are placed after the deduction is made, the purpose of the deduction, who is responsible for auditing the deduction, whether the members can opt out of the deduction, and

-4-

how NICA ensures that the deduction monies are used to purchase the represented insurance as stated on the NICA website.

**Answer:** NOH is an insurance policy that the contracting courier company has in place and is passing the expense onto the Independent Contractors (IC). This policy protects the contracting company only. The contracting company must obtain this type of policy when it has IC driving for them that do not have the recommended commercial auto insurance with at least a $1,000,000 Limit of Liability.

ICs have a record of this deduction on their Check History Report. They are advised of the deduction by the contracting courier company, in this case Mountain States Logistics (MSL).

The deduction from the IC is placed in a trust account then forwarded to the contracting courier company to reimburse the contracting courier company for the insurance policy.

The contracting courier company is responsible for auditing the deduction. The deduction is made pursuant to an agreement between the IC and the contracting courier company. Opting out of the deduction would be between the IC and the contracting courier company.

It is up to the contracting courier company to purchase the NOH policy. NICA, Inc. is not involved in the purchase of the NOH policy, nor does it "ensure the monies are used to purchase the represented insurance." NICA does not represent that it "ensures" the monies are used to purchase the insurance.

NICA Inc.'s Answers to Plaintiff's First Interrogatories at 2-3.

**Request for Production No. 7:** Produce all documents that concern, refer, or relate to Lazaro Hernandez in any way, including but not limited to any agreement indicating he became a member of NICA, Inc., and/or which explain the benefits of membership, any documents reflecting or regarding meetings held at Mountain States by NICA, the trust deductions for Mr. Hernandez, bank statements where the trust and/or NOH monies were deposited, what the NOH deduction was for, and the insurance that was to be purchased.

**Answer:** Lazaro Hernandez - See documents produced to Plaintiff in NICA, Inc.'s Second Supplemental Initial Disclosures and Plaintiff's First Initial Disclosures pp. 160-180; see also NICA's Second Supplemental Initial Disclosures, Check History Report.

Meetings Held at MSL by NICA - None.

> Bank statements where the trust and/or NOH monies were deposited - See Fourth Supplemental Initial Disclosures to which are attached copies of all bank statements for the trust account in which the NOH deductions were placed.
>
> What the NOH deduction was for - See Plaintiffs' Initial Disclosures, pp. 10 and 20.
>
> Insurance that was to be purchased - On information and belief, the NOH policy for Mountain States was written by the KBS International insurance group with Century National Insurance; 145 Hognut; New Rochelle, NY.

Defendant NICA, Inc's Responses to Plaintiffs' First Request for Production at 3-4.

> **Interrogatory No. 7:** Except for your attorney, please identify each and every person with whom you have communicated about the subject matter of this lawsuit, including but not limited to all communications with Elisha Gilboa and Mr. Palace and any of your employees, agents, including the form and type of communication, the date of communication, a summary of the communication, and the purpose of the communication.
>
> **Answer:** Thomas McGrath Received approximately two telephone calls from Elisha Gilboa on unknown dates, during which Mr. Gilboa assured him that the MSL would address the litigation. There were no notes made of these conversations. There have been no other communications between the parties about the subject matter of this lawsuit.

NICA Inc.'s Answers to Plaintiff's First Interrogatories at 5.

> **Interrogatory No. 9:** Explain in detail the relationship between Mountain States and NICA, Inc. including but not limited to the contractual arrangement, how NICA is compensated, how the NOH deduction is accounted for, into whose account the NOH deduction is placed and where those monies are accounted for and how NICA ensures insurance is purchased as represented by NICA.
>
> **Answer:** There is no written contractual arrangement between NICA and MSL, the agreement proposed by NICA, Inc., was not accepted by MSL.
>
> NICA receives a handling fee from both the IC and MSL for its services.
>
> NOH funds after being deducted from the IC's compensation is placed in a trust account then reimbursed to the contracting courier company, in this case MSL.
>
> It is the duty of the contracting courier company, in this case MSL, to purchase the insurance represented by the NOH deduction.

Id. at 6.

>**Interrogatory No. 10:** Please explain in detail how the drivers for Mountain States are compensated and identify each and every discussion and/or document that the persons are provided in which they are notified of the compensation arrangement, how they are informed they are independent contractors and/or employees, how they are notified of membership in NICA, and how the fees that will be deducted from their settlement check, and what the fees are for and explain with specificity how Lazaro Hernandez was provided such information.
>
>**Answer:** MSL and the IC negotiate a fee for the work.  MSL sends the agreed upon compensation to NICA, Inc. for the ICs who elect to accept NICA's services.  From the compensation, NICA deducts a handling fee, and any other deductions agreed to by the ICs.  The discussions and documents related to NICA services are provided to the ICs by MSL.  The ICs decide what services, if any, they wish NICA to perform for them.  The compensation arrangement is reflected on the ICs Check History Report.

Id. at 6-7.

>**Interrogatory No. 11:** Please state each and every basis you have for your assertion of every Affirmative Defense you have made or will make in response to Plaintiff's Complaint.  State with specificity each fact you intend to establish at trial in support of these affirmative defenses.
>
>**Answer:** Objection, this interrogatory is premature, discovery is just beginning in this matter and this defendant does not have all of the necessary information to address this request.  It is expected that depositions and document production in this case will offer support for the defenses.  Defendant further states, if an affirmative defense is not pleaded or otherwise properly raised, it is waived.  Depositions and discovery which will supply information essential to defendant's affirmative defenses are just now being arranged and noticed.  At the depositions of plaintiff's witnesses, the relevant issues and pertinent portions of the records will be defined, allowing defendant to more fully respond to plaintiff's inquiries about these affirmative defenses. Defendant anticipates that expert testimony will additionally confirm these defenses.  Further, depositions of persons involved in plaintiff's case are necessary before it can be determined whether others were negligent.  Moreover, it is plaintiff's burden to prove damages.

Id. at 7-8 (citations omitted).

>**Interrogatory No. 13:** Identify all bank accounts, including the bank, address, purpose of the account and account number in which NOH funds for independent

contractors for Mountain States, Mountain States Logistics, Inc., Consolidated Routing, First Legal, Edge Logistics Services Corp., Marquee Messenger SW Inc., and S.R. SW, Inc. are deposited and who has access to those funds.

**Answer:** See Fourth Supplemental Initial Disclosures to which are attached copies of all bank statements for the trust account in which the NOH deductions were placed.

Id. at 8.

**Interrogatory No. 14:** Identify all insurance policies purchased by NICA or any other entity you know of, with the funds identified in response in Interrogatory No. 12 and identify the insurance company that issued such policy.

**Answer:** NICA did not purchase any policies with the NOH funds, all funds were reimbursed to MSL. On information and belief, the NOH policy for Mountain States was written by the KBS International insurance group with Century National Insurance; 145 Hognut; New Rochelle, NY.

Id. at 8-9.

**Interrogatory No. 15:** Identify all companies and contractors by name and address that are served by NICA, Inc. that have a commercial auto liability insurance policy as required by NICA's contract, and identify the insurance company that issued such policy.

**Answer:** None. NICA does not contract to purchase NOH insurance for the contracting currier [sic] companies.

Id. at 9.

**Request for Production No. [15].**[3] Produce copies of each and every insurance policy purchased with NOH deductions (taken from Independent Contractors) from 2000 to the present. If no such policies were purchased by NICA, copies of any Declaration pages for such policies purchased by Mountain States or any other contractor who contacted [sic] for NICA's services and whose IC's had monies withheld from their compensation due to NOH deductions.

**Answer:** On information and belief, the NOH policy for Mountain States was written

---

[3] The Court, like NICA, see Response to Plaintiffs' Motion to Compel NICA to Fully Respond to Discovery Requests at 5, filed March 8, 2006 (Doc. 78), assumes that Request for Production No. 15 is mislabeled as Request for Production No. 12.

by the KBS International insurance group with Century National Insurance; 145 Hognut; New Rochelle, NY. NICA, Inc. was not a party to nor a beneficiary of the policy, therefore, it has no access to the documents requested. Defendant MSL would be the appropriate source for this information.

Defendant NICA, Inc's Responses to Plaintiffs' First Request for Production at 5-6.

> **Request for Production No. 5:** Produce complete federal and state tax returns, financial statements, and audits from 2000-to date.
>
> **Answer:** Defendant objects to this interrogatory pursuant to Fed. R. Civ. Pro. 26(B) of the Rules of Civil Procedure for the District Courts in that this interrogatory cannot possible lead to the discovery of any admissible or relevant information, is intended to harass and embarrass.

Id. at 2.

> **Request for Production No. 16 [sic].** Produce copies of the text of all websites and call waiting messages which contained explanations to Independent Contractors concerning the purpose of the NOH deductions from 2000 to the present.
>
> **Answer:** See, Plaintiffs' Initial Disclosures, pp. 19 and 20.

Id. at 6.

> **Request for Production No. 18 [sic].** Copies of all documents disseminated to contractors of the "twenty (20) Common Law factors (of independent contractor status) set forth by NICA" as referred to in Paragraph 3 of Page 1 of Exhibit A of Mountain States Initial Disclosures and documents evidencing the dissemination of such information to Mountain States from 2000 to the present.
>
> **Answer:** NICA, Inc. uses the IRS principals. A copy of the IRS pamphlet is attached hereto as Exhibit B.

Id. at 7.

> **Request for Production No. 21 [sic].** All payments, checks, or other evidence of compensation between NICA and any of the Defendants in this action, and David Palace from 2003-present.
>
> **Answer:** See NICA, Inc.'s Second Supplemental Initial Disclosures – Check History Report and documents and pp. 160 through 180 of plaintiff's initial disclosures, Hernandez non-employee compensation receipts.

<u>Id.</u> at 8.

**IT IS ORDERED** that NICA will: (i) more fully respond and amend its answer to Interrogatory No. 3 and in conjunction with that response, produce all documents responsive to Request for Production Nos. 9 and 17.  NICA will produce all relevant documents from January 1, 2004, that address all drivers of Gilboa companies in New Mexico; (ii) more fully respond and amend its answer to Interrogatory No. 2 -- if NICA does not have any information concerning how the bank accounts were audited, it will state such in its amended answer to Interrogatory No. 2; if NICA has any information concerning the bank accounts' audits, then NICA will amend its answer to Interrogatory No. 2 to include such information; (iii) more fully respond and amend its answer to Interrogatory No. 7 to address any communication that NICA has had with non-parties, including persons within the corporation if applicable, concerning this litigation -- NICA's answer is only responsive as to parties;  (iv) more fully respond and amend its answer to Interrogatory No. 9:  NICA can do one of two things.  It can either explain in more detail what its range of handling fees is between NICA and Mountain States, or it can provide the specific information as to Hernandez and that particular transaction involving MSL; (v) more fully respond and amend its answer to Interrogatory No. 10 to include information concerning the normal process of how an individual is notified of membership in NICA, and will state that there were no documents notifying Hernandez of his membership in NICA, if such is the case; (iv) more fully respond and amend its answer to Interrogatory No. 11 by April 15, 2006; (vii); more fully respond and amend its answer to Interrogatory No. 14 to provide information whether NICA knows of any other company that has a policy that would have been purchased with the NOH funds; (viii) more fully respond and amend its answer to Request for Production No. 5.  NICA will produce the requested financial information

for the year 2004.  NICA will also produce any portion of tax returns from 2000-present that relate to NOH funds that were deposited or declared on as income.  The Court orders that the financial information and tax returns be used only for purposes of this litigation; and (ix) more fully respond and amend its answer to Request for Production No. 18 to state that the only document that is distributed or disseminated to contractors is the IRS pamphlet that has been produced, if such is the case.

**IT IS FURTHER ORDERED** that NICA need not more fully respond to: (i) Request for Production No. 7; (ii) Interrogatory No. 13; (iii) Interrogatory No. 15; (iv) Request for Production No. 15; (v) Request for Production No. 16; and (vi) Request for Production No. 21.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Robert N. Hilgendorf
Santa Fe, New Mexico

    *Attorney for the Plaintiffs*

John S. Stiff
John S. Stiff & Associates, L.L.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Mountain States Logistics,*
    *Elisha Gilboa, Chris Obek, Alfred Trujillo, and Eric Chavez.*

Jason Alcaraz
Terry R. Guebert
Guebert, Bruckner & Bootes, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Lazaro Hernandez*

Thomas McGrath
Braintree, Massachusetts

-- and --

Michele Estrada
Estrada Law, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant NICA, Inc.*

Rudolph A. Lucero
Miller Stratvert P.A.,
Albuquerque, New Mexico

    *Attorneys for Intervener State Farm Fire & Casualty Company*