IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSEY CLEMENT, EMERALD CLEMENT,
ANDERSON CLEMENT, ANSELM LEE CLEMENT
AND LISA BEGAY

      Plaintiffs,

vs.                                                                              No. CIV 05-0590 JB/RLP

MOUNTAIN STATES LOGISTICS, ELISHA GILBOA,
Individually and d/b/a Mountain States Logistics, CHRIS HOBECK,
Individually and d/b/a Mountain States Logistics,
ALFRED TRUJILLO, Individually and d/b/a Mountain Logistics,
ERIC CHAVEZ, LAZARO HERNANDEZ, and NICA, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant NICA, Inc.'s Motion for Protective Order, filed February 17, 2006 (Doc. 67). The Court held a hearing on this motion on March 29, 2006. The primary issues are whether: (i) NICA's financial information and tax returns are relevant under rule 26 of the Federal Rules of Civil Procedure; and (ii) Plaintiffs' claim for punitive damages is spurious. Because the Court finds that the requested information is relevant, it will deny the motion.[1]

## FACTUAL BACKGROUND

This litigation arises out of an automobile accident involving Defendant Lazaro Hernandez,

---

[1] The Court entered a Memorandum Opinion and Order granting the Plaintiffs' Motion to Compel Defendant NICA to Fully Respond to Discovery Requests, filed February 21, 2006 (Doc. 71). See Doc. 122. In that opinion, the Court promised to more fully explain its decision ordering NICA to produce financial information and tax returns. This opinion more fully explains that decision.

and Plaintiff Emerald Clement, and Alice Clement.  See First Amended Complaint for Damages for Personal Injury Wrongful Death and Intentional Tort ("First Amended Complaint") ¶¶ 11-14, at 3, filed June 29, 2005 (Doc. 2).  NICA asserts that Hernandez was an independent contractor under contract with Mountain Sates Logistics or one of its subsidiary companies as a courier.  See Defendant NICA Inc.'s Memorandum in Support of Motion for Protective Order ("Memorandum in Support") at 1-2, filed February 17, 2006 (Doc. 68).  NICA represents that, for a small handling fee, it provides independent contractors with various services such as health and accidental death/disability insurance, and various other bookkeeping services.  See id. at 2.  The Plaintiffs have alleged that NICA provided or should have provided Hernandez automobile liability insurance.  See First Amended Complaint ¶¶ 52-53, at 10.  The Plaintiffs seek punitive damages from NICA.  See id. ¶ 60, at 11.

## PROCEDURAL BACKGROUND

The Plaintiffs served their First Set of Interrogatories and First Request for Production on December 16, 2005.  See Certificate of Service, filed December 16, 2005 (Doc. 40); NICA Inc.'s Answers to Plaintiff's First Interrogatories.  NICA objects to the Plaintiffs' Request for Production No. 5.  See Memorandum in Support at 2.  Request for Production No. 5 seeks NICA's tax returns and financial statements.  See id. at 1; Plaintiff's Response to Defendant NICA's Motion for Protective Order at 1, filed March 6, 2006 (Doc. 77).

NICA moves the Court for a protective order.  See Motion for Protective Order at 1. NICA states that local rule 1.007.1(C) does not require concurrence.  See id.

## LAW REGARDING PROTECTIVE ORDERS

A party may obtain discovery regarding any matter that is relevant to any party's claim or

defense. See Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

According to rule 26(c) of the Federal Rules of Civil Procedure, a person or party, by whom discovery is being sought, may file a motion for protective order. The court may grant a protective order when it is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). See Thomas v. Int'l Bus. Mach., 48 F.3d 478, 482 (10th Cir. 1995). It is the party seeking the protective order who has the burden to show good cause for a protective order. See e.g., Penthouse International, Ltd. v. Playboy Enterprises, Inc., 663 F.2d 371, 391 (2d Cir. 1981)("Where . . . the [discovery is] relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause."); Sanyo Laser Prods. v. Arista Records, Inc., 214 F.R.D. 496, 503 (S.D. Ind. 2003); Stewart v. Mitchell Transp., No. 01-2546, 2002 U.S. Dist. LEXIS 12958, at *20 (D. Kan. July 11, 2002). "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." In re Terra Int'l, 134 F.3d 302, 306 (5th Cir. 1998)(citations and internal quotations omitted).

"'[I]f a plaintiff has alleged sufficient facts to claim punitive damages against a defendant, information of the defendant's net worth or financial condition is relevant because it can be considered in determining punitive damages.'" Roberts v. Shawnee Mission Ford, Inc., No. 01-2113-CM, 2002 U.S. Dist. LEXIS 9525, at *10 (D. Kan. February 7, 2002)(quoting Aerotech Resources, Inc. v. Dodson Aviation, Inc., No. 00-2099, 2001 U.S. Dist. LEXIS 6021, at *2 (D. Kan. Apr. 11, 2001)). The party requesting the discovery generally does not need to "establish a prima

facie case on the issue of punitive damages before it can obtain pretrial discovery of the other party's financial statements and tax returns." Id. at *10-11 (citation omitted). The opposing party's interest in nondisclosure and confidentiality "can usually be adequately protected by a protective order restricting dissemination of the documents and the information within." Id. at *11 (citation omitted). "To discover a party's financial condition in light of a claim for punitive damages, requesting parties generally must show the claim for punitive damages is not spurious." Id. (citation omitted).

## ANALYSIS

NICA asserts that the Plaintiffs must make a prima facie showing on their punitive damages claim to discover the financial information. The plain language of the case that NICA relies on, however, refutes this assertion. See Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc., 130 F.R.D. 149, 152 (D. Kan. 1990)("[T]he court holds that plaintiff need not establish a prima facie case on the issue of punitive damages before it can obtain pretrial discovery of defendant's financial statements and tax returns."). To discover the financial information, the Plaintiffs have to show only that their claim for punitive damages is "not spurious," Roberts v. Shawnee Mission Ford, Inc., 2002 U.S. Dist. LEXIS 9525, at *10, or that the information they seek is relevant to some other issue.

Here, the financial information may be relevant or lead to admissible evidence, as the Plaintiffs assert, about NICA's handling of the NOH deductions from Mountain States Logistics and other affiliated companies. NICA asserts that these funds are pass through accounts, and that NICA did not purchase any insurance and did not have a legal obligation to purchase any insurance. The financial information sought may be relevant, or may lead to admissible and relevant evidence about this defense. Because the financial information may be relevant to this defense, or may lead to relevant information about this defense, the Court need not and will not decide the issue, at this stage

of the proceedings, whether the Plaintiffs' punitive damages claim is spurious.

NICA is not entitled to complete protection from discovery. The Plaintiffs are entitled to the information they seek in their discovery. The Court has already ordered that the financial information and tax returns be used only for purposes of this litigation, see Memorandum Opinion and Order, at 11 (Doc. 122), thus protecting NICA's interest in nondisclosure and confidentiality.

**IT IS ORDERED** that Defendant NICA Inc.'s Motion for Protective Order is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Robert N. Hilgendorf
Santa Fe, New Mexico

 *Attorney for the Plaintiffs*

John S. Stiff
John S. Stiff & Associates, L.L.C.
Albuquerque, New Mexico

 *Attorneys for Defendants Mountain States Logistics,*
 *Elisha Gilboa, Chris Obek, Alfred Trujillo, and Eric Chavez.*

Jason Alcaraz
Terry R. Guebert
Guebert, Bruckner & Bootes, P.C.
Albuquerque, New Mexico

 *Attorneys for Defendant Lazaro Hernandez*

Thomas McGrath

Braintree, Massachusetts

-- and --

Michele Estrada
Estrada Law, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant NICA, Inc.*

Rudolph A. Lucero
Miller Stratvert P.A.,
Albuquerque, New Mexico

    *Attorneys for Intervener State Farm Fire & Casualty Company*